UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAISY BUTLER-BALL, | CASE NO.:   1:11CV490 |
| Plaintiff, | |
| | MAGISTRATE JUDGE |
| | GEORGE J. LIMBERT |
| v. | |
| MICHAEL J. ASTRUE, | |
| COMMISSIONER OF SOCIAL | **MEMORANDUM OPINION & ORDER** |
| SECURITY, | |
| Defendant. | |

Plaintiff requests judicial review of the final decision of the Commissioner of Social Security denying Daisy Butler-Ball Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI.)  The Plaintiff asserts that the Administrative Law Judge (ALJ) erred in his November 2, 2009 decision in finding that Plaintiff was not disabled because she could perform her past relevant work as a dispatcher which she performed after her onset date. (Tr. 7-16).  The Court finds that substantial evidence supports the ALJ's decision for the following reasons:

## I.  PROCEDURAL HISTORY

Butler-Ball applied for disability insurance benefits and supplementary security income in 2006, alleging a disability onset date of June 9, 2006.  (Tr.71-79).  Butler-Ball claimed that she was unable to work because of neuropathy in her feet.  (Tr. 96).  Her application was denied initially and

upon reconsideration. (Tr. 42-43). The ALJ denied Butler-Ball's claim, and the Appeals Council subsequently denied review. (Tr.1-16). Butler-Ball now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. Sections 405(g) and 1383(c)(3).

## II.  STATEMENTS OF FACTS

At the time of the administrative hearing, Butler-Ball was 53 years old. She worked as an airline customer service supervisor between August 1985 and June 2006. (Tr. 96-97, 102-04). On May 26, 2008, Butler-Ball began working as an aircraft dispatcher. (Tr. 25-30, 137). She worked as a dispatcher until November 23, 2008. (Tr. 25-30, 137). Butler-Ball returned to work as a dispatcher between February 7, 2009 and May 8, 2009. (Tr. 25-30, 137). She performed the dispatcher position at the sedentary level. (Tr. 33, 137).

An administrative hearing was held on July 1, 2009. (Tr. 17-41). During the hearing, the ALJ presented the vocational expert with a hypothetical individual who shared Butler-Ball's vocational profile and was capable of performing a range of sedentary work. (Tr. 35). The vocational expert testified that the hypothetical individual could perform Butler-Ball's past relevant work as a dispatcher. (Tr. 35).

The ALJ determined that Butler-Ball suffered from tibial tendon insufficiency and obesity. (Tr. 12). Her condition, however, did not meet or medically equal a listed impairment. (Tr. 13). The ALJ found that, despite her impairments, Butler-Ball retained the residual functional capacity to perform a range of sedentary work. (Tr. 13). The ALJ concluded that Butler-Ball was not disabled because she could perform her past relevant work as a dispatcher. (Tr. 15)

## III.  SUMMARY OF TESTIMONY

At the time of the administrative hearing, Butler-Ball testified that she had a twelfth grade education. (Tr. 23). Butler-Ball testified that she became employed with Northwest Airlines in 1985. In 1988, she started working the luggage counter and the gates. (Tr. 23). This required her to be on her feet all day long. (Tr. 24). Due to the neuropathy in her feet and a ruptured tendon, Butler-Ball stopped working June 9, 2006. (Tr. 23).

Butler-Ball testified that she returned to work May 26, 2008 and worked through November 23, 2008. She went back to work again February 7, 2009 and continued working through May 8, 2009. (Tr. 26). During both those periods, Butler-Ball was working in the hub control center as a dispatcher. She performed her job in the seated position. (Tr. 30).

Thereafter, Kevin Yi, a vocational expert, testified at the administrative hearing. (Tr. 29). Mr. Yi was asked to describe the work Butler-Ball performed since 1984. (Tr. 31-32). Mr. Yi testified that Butler-Ball's last job was a dispatcher, which is generally performed at the light exertional level, but Butler-Ball performed the job at the sedentary level. (Tr. 33). Butler-Ball was a supervisor for customer service which is performed at the light exertional level and is a semi-skilled job. She also worked as a luggage checker, which is performed at the medium exertional level and is also a semi-skilled job. (Tr. 34). Mr. Yi testified that the acquired skills from the customer service supervisor and luggage checker jobs do not transfer to sedentary work. (Tr. 36).

The ALJ propounded a hypothetical question in which he described an individual who was fifty-three years old, a high school graduate and limited to sedentary work. Mr. Yi agreed that such an individual would be unable to perform the customer service supervisor or luggage checker job. However, such an individual would be capable of performing the dispatcher job as Butler-Ball actually performed it. (Tr. 35).

**IV.    STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS**

An ALJ must proceed through the required sequential steps for evaluating entitlement to DIB and SSI. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made

      without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4.    If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5.    If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step to show that alternate jobs in the economy are available to the claimant, considering her age, education, past work experience and residual functional capacity. *See, Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## V.    STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by Section 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. Section 405(g). Therefore, this Court is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards. *See, Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *See, Walters v. Commissioner of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *See, Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *See, Id.*; *Walters,* 127 F.3d 525, 532(6th Cir. 1997). Substantiality is based upon the

record taken as a whole.  *See, Houston v. Secretary of Health & Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

### VI.   ANALYSIS

Plaintiff, Butler-Ball raises one issue on appeal:

**Whether substantial evidence supports the Commissioner's decision that Ms. Butler-Ball is not disabled when Ms. Butler-Ball's work as a dispatcher should not have been found to be past relevant work until the date Ms. Butler-Ball completed her nine month trial work period.**

Butler-Ball does not dispute the ALJ's listing analysis or residual functional capacity finding. (Butler-Ball Br. 2).  Instead, Butler-Ball contends that the ALJ erroneously concluded she could perform her past relevant work as a dispatcher at Step Four of the sequential evaluation process. (Butler-Ball Br. 2-6).  In support, Butler-Ball argues that the dispatcher position "cannot be considered past relevant work" because "this work was performed well after the alleged onset date of June 9, 2006 and after the application date of November 17, 2006." (Butler-Ball Br. 4).

However, an ALJ is not limited to considering work that was performed prior to the alleged onset date in assessing her past relevant work.  A claimant's work experience is relevant to showing the type of work that she might be expected to do "when it was done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. Sections 404.1560(b)(1), 404.1565(a).  The "15-year period is the 15 years prior to the time of adjudication at the initial, reconsideration, or higher appellate level." SSR 82-62, 1982 WL 31386, at *2 (1982).  Therefore, the relevant 15-year time period runs backward from the date of adjudication, not from the alleged onset date.

Accordingly, the ALJ correctly considered Butler-Ball's dispatcher position as past relevant work.  (Tr. 15).  *See Packham v. Astrue*, 762 F. Supp. 2d 1094, 1106 (N.D. Ill. 2011).  Since the ALJ correctly concluded that Butler-Ball was not entitled to disability benefits, the undersigned will not consider the contention that the dispatcher job should have been construed as a form of "trial work."  *See* 20 C.F.R. Section 404.1560(b)(3); *see also* 20 C.F.R. Section 404.1592(d)(1).

## **VII.** **CONCLUSION**

Based upon a review of the record and law, the undersigned affirms the ALJ's decision. Substantial evidence supports the finding of the ALJ that Plaintiff retained the residual functional capacity to perform her past relevant work as a dispatcher, and, therefore, was not disabled. Hence, she is not entitled to DIB and SSI.


DATE: March 2, 2012                     */s/George J. Limbert*
                                        GEORGE J. LIMBERT
                                        UNITED STATES MAGISTRATE JUDGE